UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRISCOLL and CYNTHIA DRISCOLL, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 19-cv-12302-ADB |
| KATHLEEN MCCANN and FRANK MCCANN, | * * * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER ON DEFENDANT FRANK MCCANN'S MOTION TO DISMISS

Plaintiffs Shawn and Cynthia Driscoll (collectively, the "Driscolls") bring this action against Defendants Kathleen and Frank McCann (collectively, the "McCanns") alleging that Mrs. McCann negligently injured Mr. Driscoll in a motor vehicle accident in Chatham, Massachusetts in September 2018. [ECF No. 1 ("Compl.")].

Currently before the Court is Mr. McCann's motion to dismiss for lack of personal jurisdiction and, in the alternative, for judgment on the pleadings. [ECF No. 20]. For the reasons set forth below, Mr. McCann's motion to dismiss for lack of personal jurisdiction, [id.], is GRANTED.[1]

## I.       BACKGROUND

### A.       Factual Background

For purposes of this motion, the facts are drawn from the Complaint, [Compl.], the factual allegations of which are assumed to be true when considering a motion to dismiss, Ruivo

---

[1] Because of the Court's determination that it lacks jurisdiction over Mr. McCann, it will not address his arguments regarding the merits of the Driscolls' claims against him.

v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).  In addition, in assessing whether

personal jurisdiction exists, the Court may also consider "the facts from the pleadings and

whatever supplemental filings (such as affidavits) are contained in the record, giving credence to

the plaintiff's version of genuinely contested facts."  Baskin-Robbins Franchising LLC v.

Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016).

The Driscolls are a married couple who reside together in Harwichport, Massachusetts.

[Compl. ¶¶ 1–2, 18].  The McCanns are a married couple who reside together in Richmond,

Virginia.  [Id. ¶¶ 3–4].  The McCanns drove to Chatham, Massachusetts for the September 29,

2018 wedding of their friends' son.  [ECF No. 28 at 1].  They stayed at a hotel called the

Seafarer Inn (the "Seafarer") in Chatham, which Mr. McCann selected and recommended to

other friends who were also attending the wedding.  [Id. at 1–2].  After Mr. McCann finished

getting ready for the wedding, he and some of his friends went outside the Seafarer to wait for

Mrs. McCann to pick them up, in the McCanns' car, to go to the wedding.  [Id. at 2; Compl. ¶ 9].

Around the same time, Mr. Driscoll was driving his motorcycle on Main Street in Chatham.

[Compl. ¶ 8].  Mrs. McCann exited Ridgevale Road onto Main Street and collided with

Mr. Driscoll's motorcycle.  [Id. ¶¶ 9–10; ECF No. 21 at 3].  After the accident, Mr. Driscoll was

transported by ambulance to Cape Cod Hospital.  [ECF No. 21-4 at 2].  He alleges that he

sustained various "severe and permanent" physical injuries.  [Compl. ¶ 12].

### B.   Procedural Background

On November 8, 2019, the Driscolls sued the McCanns, alleging that Mrs. McCann

negligently injured Mr. Driscoll and seeking to recover, among other things, Mr. Driscoll's

medical expenses and lost earnings.[2]  See generally [Compl.].  Counts I and III of the Complaint

concern Mrs. McCann; Counts II and IV concern Mr. McCann.  [Id.].  Mr. McCann was not

driving or even in the car at the time of accident.  The sole basis for naming him as a defendant is

that he owns the car and may therefore be responsible for an accident involving the vehicle.  See

[id. ¶ 11 ("Defendant, Kathleen McCann, was negligent and careless in the operation of the

vehicle owned by Defendant, Frank McCann."); id. ¶ 14 ("Defendant, Frank McCann, owner of

the motor vehicle operated by Defendant, Kathleen McCann, had the authority and means to

control the operation of his motor vehicle."); id. ¶ 15 ("Pursuant to MGL Chapter 231, Section

85A Defendant, Frank McCann, is responsible for the negligent operation of his motor

vehicle.")].  On May 7, 2020, Mr. McCann moved to dismiss Counts II and IV of the Complaint

for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and, in the

alternative, moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

12(c).  [ECF No. 20].  The Driscolls opposed the motion, [ECF No. 21], Mr. McCann replied,

[ECF No. 24], and the Driscolls filed a sur-reply, [ECF No. 28].

## II.        LEGAL STANDARD

Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]."

Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Loadholt,

Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)).  "A plaintiff consents to the personal

jurisdiction of a court by bringing suit in that court."  Roberts v. Jack L. Marcus Co., No. 17-cv-

11782, 2018 U.S. Dist. LEXIS 6373, at *4 (D. Mass. Jan. 16, 2018) (citing Adam v. Saenger,

303 U.S. 59, 67 (1938)).  As to a defendant, however, the Due Process Clause "protects an

---

[2] Mrs. Driscoll's claims are based on an alleged loss of "full society, comfort and companionship."  [Compl. ¶¶ 17–19, 20–21].

individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471−72 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).  Therefore, a court may not assert jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  In addition to satisfying Due Process concerns, "[t]o establish personal jurisdiction in a diversity case, a plaintiff must satisfy . . . the forum state's long-arm statute . . . ." C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014) (citing Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994)).

As a rule, a plaintiff bears the burden of establishing a court's personal jurisdiction over a defendant.  Daynard, 290 F.3d at 50.  Under the "prima facie" standard for determining whether a plaintiff has met this burden, "the inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." Bluetarp Fin., Inc. v. Matrix Constr. Co., 709 F.3d 72, 79 (1st Cir. 2013) (quoting Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008)).  Plaintiffs may not, however, establish a court's personal jurisdiction over defendants with "unsupported allegations in [the] pleadings," and are instead "obliged to adduce evidence of specific facts." Platten v. H.G. Berm. Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006) (first quoting Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992); then quoting Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995)).  The Court may also "add to the mix facts put forward by the defendants, to

the extent that they are uncontradicted." <u>Daynard</u>, 290 F.3d at 51 (quoting <u>Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n</u>, 142 F.3d 26, 34 (1st Cir. 1998)).[3]

"Because the [Massachusetts] long-arm statute imposes specific constraints on the exercise of personal jurisdiction that are not coextensive with the parameters of due process . . . a determination under the long-arm statute is to precede consideration of the constitutional question." <u>SCVNGR, Inc. v. Punchh, Inc.</u>, 85 N.E.3d 50, 52 (Mass. 2017).

## III.      DISCUSSION

Mr. McCann argues that the Court lacks personal jurisdiction over him because he is a resident of Virginia and his wife was driving the car at the time of the accident. <u>See generally</u> [ECF Nos. 20-1, 24]. The Driscolls respond that Mr. McCann's ownership of the vehicle is sufficient to allow the Court to exercise jurisdiction over him. <u>See generally</u> [ECF Nos. 21, 28].

### A.      Jurisdiction Pursuant to Massachusetts Long-Arm Statute

Section 3(c) of the Massachusetts long-arm statute provides that the Court may exercise jurisdiction "over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's causing tortious injury by an act or omission in this commonwealth." Mass. Gen. Laws ch. 223A, § 3(c). The Driscolls argue that jurisdiction over Mr. McCann is proper under § 3(c) because his agent, Mrs. McCann, hit Mr. Driscoll with a car in Massachusetts, causing Mr. Driscoll's injury. The Driscolls, however, have not presented

---

[3] In their sur-reply, the Driscolls rely on facts adduced during discovery. Given this procedural posture, the Court could convene an evidentiary hearing, weigh the evidence, and make findings about whether the Driscolls have made a showing as to each jurisdictional fact, applying a preponderance of the evidence standard. <u>See</u> <u>Boit v. Gar-Tec Prods., Inc.</u>, 967 F.2d 671, 676–77 (1st Cir. 1992). The Court will instead apply the traditional, plaintiff-friendly *prima facie* standard because, even under that standard, the Driscolls have failed to demonstrate that this Court has personal jurisdiction over Mr. McCann.

evidence sufficient to demonstrate that Mrs. McCann was acting as Mr. McCann's agent while driving the car.

Under Massachusetts law, "agency 'results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control.'" Kirkpatrick v. Bos. Mut. Life Ins. Co., 473 N.E.2d 173, 176 (Mass. 1985) (quoting Restatement (Second) of Agency § 1 (Am. Law Inst. 1958)); Segal v. Genitrix, LLC, 87 N.E.3d 560, 562 (Mass. 2017) ("At common law, an agency relationship exists where there is mutual consent, express or implied, that the agent is to act on behalf and for the benefit of the principal, and subject to the principal's control." (internal citations and quotation marks omitted)). "[O]ne spouse may act as an agent of the other, but [] the mere relation(ship) of husband and wife is not sufficient to show that one spouse is acting as the agent of another." Fennell v. Wyzik, 422 N.E.2d 1387, 1389 (Mass. App. Ct. 1981) (internal citations and quotation marks omitted).

Here, the Complaint is devoid of factual allegations regarding agency and relies only on conclusory statements. See [Compl. ¶ 14 ("Defendant, Frank McCann, owner of the motor vehicle operated by Defendant, Kathleen McCann, had the authority and means to control the operation of his motor vehicle."); ¶ 15 ("Pursuant to MGL Chapter 231, Section 85A Defendant, Frank McCann, is responsible for the negligent operation of his motor vehicle."); ¶ 16 ("As a direct and proximate result of the negligence and careless operation of Defendant, Frank McCann's, motor vehicle for which he is responsible . . . .")].  There is no evidence that discovery offered anything more concrete in terms of establishing agency beyond the assertion that "Mrs. McCann at the time of the collision was driving to the front of the hotel to pick up Mr. McCann and one to two of his friends." [ECF No. 28 at 2].  A wife picking up her husband and his friends to go to an event does not render her the agent of either her husband or his friends.

6

The Driscolls have not alleged or demonstrated that Mrs. McCann was acting "on

[Mr. McCann's] behalf" or "subject to his control," Kirkpatrick, 473 N.E.2d at 176 (quoting

Restatement (Second) of Agency § 1 (Am. Law Inst. 1958)), or that he "adopted and ratified" her

actions after the fact, Fennell, 422 N.E.2d at 1389 (internal citations omitted).

When courts find that an agency relationship exists between spouses, it is typically in the

context of a business transaction. See, e.g., McGarry v. Chew, No. 04-cv-01469, 2005 WL

2978445, at *2–3 (Mass. App. Ct. Nov. 7, 2005) (finding that husband acted as wife's agent in

agreement regarding land deal); Emmons v. White, 788 N.E.2d 557, 564 n.8 (Mass. App. Ct.

2003) (finding spousal agency in context of land sale); Fennell, 422 N.E.2d at 1389 (finding that

wife was acting as husband's agent in negotiating the sale of their home).  Here, unlike in those

cases, Mrs. McCann was not conducting business on her husband's behalf.  She was just picking

him up in a car to take him someplace else.  This conduct did not create an agency relationship

for purposes of satisfying § 3(c) of the Massachusetts long-arm statute.  Accordingly, this Court

lacks jurisdiction.  See Nickerson v. Schuette, No. 96-cv-00326B, 1996 Mass. Super. LEXIS 95,

at *2 (Mass. Super. Ct. Oct. 4, 1996) ("Because [defendant], the owner of the Maryland

registered vehicle, is not a Massachusetts resident, was not operating the vehicle at the time of

the incident, and was not the master nor had control over the driver of the vehicle, this court

lacks jurisdiction to hear the claim against her.").

The Driscolls argue that reading § 3(c) of the Massachusetts long-arm statute in

conjunction with another Massachusetts statute, Massachusetts General Laws Chapter 231,

§ 85A, which creates a statutory presumption that a person who owns a car is "legally

responsible" for any person driving it,[4] allows the Court to exercise jurisdiction over Mr. McCann because Mrs. McCann was presumptively acting as his agent when she was driving his vehicle. [ECF No. 21 at 7–8]. They do not, however, point to any case where a court premised personal jurisdiction on this statutory presumption of agency. See generally [ECF Nos. 21, 28].

In Duffy v. Clippinger, Judge Zobel encountered a similar argument and rejected it. No. 86-cv-01450, 1987 WL 17869 (D. Mass. Sept. 24, 1987). In that case, a plaintiff tried to use § 85A in tandem with § 3(c) to secure jurisdiction over an out-of-state defendant. Id. at *1. Judge Zobel found that § 85A "does not confer jurisdiction," id., but rather "operate[s] to render unnecessary the proof of agency only where the defendant is properly made subject to the jurisdiction of the court." Id. (quoting Segal v. Yates, 253 N.E.2d 841, 843 (Mass. 1969)). Additionally, she correctly observed that "the statutory phrase 'legally responsible' is broader than agency." Id. (citing Wilson v. Hazard, 145 F. Supp. 23, 25 (D. Mass. 1956)). The Driscolls unsuccessfully attempt to distinguish Duffy based on the facts that the plaintiff there, unlike the Driscolls, "did not allege agency" and that the defendant there, unlike Mr. McCann, had not traveled to Massachusetts or attended an event here. [ECF No. 21 at 7–8].

---

[4] Section 85A provides:

> In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant.

Mass. Gen. Laws ch. 231, § 85A.

First, the Driscolls have not even alleged agency.  The Complaint does not contain the words "agent" or "agency," see [Compl.], and the allegation that Mr. McCann "had the authority and means to control the operation of his motor vehicle," [Compl. ¶ 14], does not adequately assert agency.  Second, the fact that Mr. McCann traveled to Massachusetts has no meaningful bearing on whether § 85A can be used to demonstrate agency.  Judge Zobel's conclusion that § 85A, alone or in conjunction with the Massachusetts long arm statute, does not confer personal jurisdiction, was and remains sound and there is no reason to reach a different conclusion here. Additionally, the Court notes that other courts have similarly declined to find that another Massachusetts statute that requires a showing of agency can be satisfied merely by virtue of § 85A's statutory presumption.  See Segal, 253 N.E.2d at 843 (declining to allow § 85A's presumption of agency to satisfy "agent" requirement in service of process statute); Wilson, 145 F. Supp. at 24–25 (same).

Because the Driscolls assert that § 3(c) applies to Mr. McCann only by virtue of his agency relationship with Mrs. McCann, but have failed to demonstrate agency, they have not demonstrated that personal jurisdiction over Mr. McCann is proper under the Massachusetts long-arm statute.

### B.    Jurisdiction Pursuant to the Constitution

Even if the Driscolls could meet their burden under the Massachusetts long-arm statute, the Court would still lack jurisdiction under the Due Process Clause of the Fourteenth Amendment.  Courts may exercise two types of personal jurisdiction under the Fourteenth Amendment: general and specific.  "[G]eneral jurisdiction requires affiliations 'so "continuous and systematic" as to render [a person] essentially at home in the forum State.'"  Daimler AG v. Bauman, 571 U.S. 117, 133 n.11 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v.

Brown, 564 U.S. 915, 919 (2011)).  Because the Driscolls do not argue that Mr. McCann is subject to general personal jurisdiction, the Court will consider only whether it can exercise specific personal jurisdiction over him.

"Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities."  United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001) (quoting Mass. Sch. of Law at Andover, 142 F.3d at 34).  For the Court to have specific jurisdiction over Mr. McCann consistent with the Due Process Clause, the Driscolls must demonstrate that each of three conditions is satisfied:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must . . . be reasonable.

Daynard, 290 F.3d at 60 (quoting Foster-Miller, 46 F.3d at 144).

In assessing relatedness in a tort action, the Court considers "whether the plaintiff has established cause in fact (i.e., the injury would not have occurred 'but for' the defendant's forum-state activity) and legal cause (i.e., the defendant's in-state conduct gave birth to the cause of action)."  Scottsdale Cap. Advisors Corp. v. The Deal, LLC, 887 F.3d 17, 20–21 (1st Cir. 2018) (internal citations and quotation marks omitted).  "The relatedness standard is a 'flexible, relaxed standard,' which focuses on the 'nexus between the defendant's contacts and the plaintiff's cause of action.'"  Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007).

With regard to Mr. McCann's contacts with Massachusetts, the Driscolls have demonstrated that he (1) has traveled here in the past, both for business and pleasure, (2) researched hotels here, (3) drove here in September 2018, (4) engaged in sight-seeing here, (5) waited for his wife outside his hotel here, and (6) attended a wedding here.  [ECF No. 28 at

10

1–2].  On these facts, they have satisfied their burden of establishing but for causation because Mr. Driscoll would not have been injured in an accident involving the McCanns' car had the McCanns not traveled here with their car in September 2018.  The Driscolls cannot, however, establish legal cause because Mr. McCann's in-state conduct did not give rise to Mr. Driscoll's cause of action.  The concept of legal cause is borrowed from tort law and the Restatement (Second) Of Torts defines legal cause as follows:

> The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.

Restatement (Second) Torts § 431 (Am. Law Inst. 1965); see also Dolge v. Scheiner, No. 02-cv-00838, 2003 WL 22510321, at *1 (Mass. App. Ct. Nov. 5, 2003) ("In other words, for the causation element to be satisfied, the defendant's *negligence* must have been a substantial factor contributing to the plaintiff's injury." (emphasis added)).  The concept of legal cause is predicated on *tortious* conduct.  The Driscolls do not even allege, let alone present any facts demonstrating, that Mr. McCann was in any way negligent and therefore his conduct cannot be a legal cause of Mr. Driscoll's injury.  See Mass. Sch. of Law at Andover, Inc., 142 F.3d at 35 (noting that causation required to satisfy constitutional relatedness test was not met when the "only activities undertaken in Massachusetts . . . that could possibly relate to [plaintiff]'s state-law claims . . . were benign").  Here, it cannot be said that Mr. McCann's mere presence, either in Massachusetts generally or outside the Seafarer specifically, was a "substantial factor" in bringing about Mr. Driscoll's harm.  Accordingly, the Driscolls have failed to show a "demonstrable nexus between [their] claims and [Mr. McCann's] forum-based activities such . . . [that] the litigation itself is founded directly on those activities."  C.W. Downer, 771 F.3d at 66 (quoting Adelson v. Hananel, 652 F.3d 75, 81 (1st Cir. 2011)).

Because the Court has concluded that the Driscolls have not satisfied the relatedness prong and all three prongs are necessary to establish personal jurisdiction, it will not address the other two.  See Daynard, 290 F.3d at 60.

### C.     Summary

Thus, the Driscolls have failed to demonstrate that personal jurisdiction over Mr. McCann is proper under either the Massachusetts long-arm statute or the Due Process Clause.  Because they must demonstrate both, C.W. Downer, 771 F.3d at 65, and have demonstrated neither, the Court does not have personal jurisdiction over Mr. McCann.

## IV.     CONCLUSION

For the reasons noted above, Mr. McCann's motion to dismiss for lack of personal jurisdiction, [ECF No. 20], is GRANTED.  Counts II and IV of the Complaint, [Compl.], are DISMISSED without prejudice.

**SO ORDERED.**

November 30, 2020                                               /s/ Allison D. Burroughs
                                                                         ALLISON D. BURROUGHS
                                                                         U.S. DISTRICT JUDGE